E-FILED
Tuesday, 25 March, 2008  09:17:30 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| GRENGORY GUY RHODES, | ) | |
| | ) | |
| Petitioner, | ) | No. 06-1276 |
| | ) | |
| v. | ) | |
| | ) | |
| JAY MERCHANT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Respondent's Motion to Dismiss. [Doc. 15.] Respondent seeks to dismiss Petitioner's request for habeas relief filed under 28 U.S.C. § 2254. Petitioner has not filed a Response to the Motion to Dismiss. For the following reasons, Respondent's Motion is GRANTED and the Petition is dismissed with prejudice.

## I.
## BACKGROUND

On January 20, 1996, while incarcerated at the Pontiac Correctional Center for numerous violent felonies, Petitioner stabbed a correctional officer with a shank attached to the end of a broomstick. After a jury trial, he was convicted in Livingston County, Illinois of aggravated battery of a correctional officer and possession of a weapon by an inmate in a correctional facility. The trial court sentenced petitioner to twenty years' imprisonment on the weapons charge and an extended term of ten years on the aggravated battery conviction with the sentences to run consecutively. (Doc. 15 at 2.)

Petitioner appealed his conviction and sentence to the Illinois Appellate Court, Fourth District. On November 20, 1998, the state appellate court affirmed. Petitioner then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, and the Illinois Supreme

Court denied Petitioner's PLA on March 31, 1999. Petitioner's conviction became final on June 29, 1999, ninety days after the Illinois Supreme Court denied his direct appeal. Petitioner waited 86 days and then sought post-conviction relief in state court on September 23, 1999. After two appeals, the denial of his state based habeas petition relief became final on September 29, 2005. Petitioner waited an additional 362 days and then filed his current request for habeas relief under 28 U.S.C. § 2254 in the Southern District of Illinois. The case was then transferred to this District. Respondent now asks this Court to dismiss the Petition because it was not filed within the applicable one-year statute of limitations.

The one-year statute of limitations period began running on June 29, 1999, when Petitioner's conviction became final. It ran for 86 days until Petitioner sought post-conviction relief in state court. It was then tolled while his state based habeas petition was pending. 28 U.S.C. § 2244. However, once the ruling on his state habeas petition became final, the statute of limitations period picked up where it left off. Id; see also Wilson v. Battles, 302 F.3d 745, 747-48 (7th Cir. 2002). After the state habeas became final, Petitioner then let the statue of limitations run for an additional 362 days before filing his current Petition. As a result, Petitioner has let the statute of limitations run for a total of 448 days and has exceeded the applicable one-year statue of limitations. Accordingly, Petitioner cannot seek relief under 28 U.S.C. § 2254 due to the statue of limitations.

Furthermore, Petitioner has not filed a response to the Motion to Dismiss and the time for doing so has long since passed. Under the Local Rules governing motions, "[i]f no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." Local Rule 7.1(B)(2). Accordingly, this Court must presume that there is no opposition to the dismissal of the Petitioner.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss [Doc. 15] is GRANTED.

CASE TERMINATED

ENTERED this   24th   day of March, 2008.

s/Joe Billy McDade  
Joe Billy McDade  
United States District Judge